UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES A. MENTEK, JR.,

    Plaintiff,

    v.                                                         Case No. 07-C-0239

KENOSHA COUNTY SHERIFF'S DEPT.,
CAPTAIN PRESTON,
LT. VANTINE, CO JOHNSON,
CORPORAL REID,
KENOSHA COUNTY CORRECTIONAL
HEALTH SERVICES,
DR. CALDWELL, DR. O'KEEFE,
DR. SHOTICK, JOANNE MEDLEY,
KENOSHA VISITING NURSES,
KENOSHA POLICE DEPARTMENT,
OFFICER BERNARD GRIFFEY,
DET. DAVID MAY,
ASST. DA TOM PERLBER,
ASST. DA RICHARD COLE,
AGENT KELLY BROWNSON,
SUPERVISOR JACKIE GRISHAM,
ADMIN. LAW JUDGE MARGARET BECKWITH,
CIRCUIT JUDGE DENNIS J. BARRY,

    Defendants.

DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO DENY, OR IN THE ALTERNATIVE, MOTION TO STAY BOTH DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT, AS THE COMPLAINT NEEDS TO BE DULY AMENDED ALLOWING FOR ADDITIONAL CLAIMS AND CAUSES OF ACTION TO BE INTRODUCED FOR THE FIRST TIME, AS A MATTER OF LAW (DOC. # 34), DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. # 35), GRANTING DEFENDANT DENNIS J. BARRY, RICHARD COLE, AND TOM PERLBER'S MOTION TO DISMISS (DOC. # 9),  GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF NAMED DEFENDANTS WHO REFUSED TO RETURN WAIVER OF SERVICE OF SUMMONS, AND DISMISSING THE KENOSHA POLICE DEPARTMENT, DETECTIVE DAVID MAY, OFFICER BERNARD GRIFFEY, DR. CALDWELL, DR. O'KEEFE, DR. SHOTICK, KENOSHA VISITING NURSES, INC., JOANNE MEDLEY, AGENT KELLY BROWNSON, SUPERVISOR JACKIE GRISHAM, AND ADMINISTRATIVE LAW JUDGE MARGARET BECKWITH (DOC. # 55)

On March 9, 2007, plaintiff, James A. Mentek, Jr., filed this pro se civil rights action relating to his confinement in the Kenosha County Jail. He alleges that various defendants placed him in administrative confinement because of his religious beliefs and speech. (Compl. ¶¶ 1-4) In addition, Mentek believes that the jail's mental health diagnosis was based on these beliefs and speech, and that the jail continues to hold him in administrative confinement for the same reasons. (Id. ¶¶ 5-8) Mentek alleges that Corp. Reid and Sgt. Johnson denied him a Bible as well as writing materials to appeal his illegal confinement in segregation (Id. ¶ 9), and that he was punished for refusing to take prescribed psychotropic medications. (Id. ¶ 13) This case now comes before the court on Mentek's requests to amend the complaint and for judgment on the pleadings, along with defendants Dennis J. Barry, Richard Cole, and Tom Perlber's motion to dismiss.

PLAINTIFF'S MOTION TO DENY, OR IN THE ALTERNATIVE, MOTION TO STAY BOTH DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT, AS THE COMPLAINT NEEDS TO BE DULY AMENDED ALLOWING FOR ADDITIONAL CLAIMS AND CAUSES OF ACTION TO BE INTRODUCED FOR THE FIRST TIME, AS A MATTER OF LAW (DOC. # 34)

After defendants filed a motion to dismiss, answer, and motion for summary judgment, Mentek filed his MOTION TO DENY, OR IN THE ALTERNATIVE, MOTION TO STAY BOTH DEFENDANTS MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT, AS THE COMPLAINT NEEDS TO BE DULY AMENDED ALLOWING FOR ADDITIONAL CLAIMS AND CAUSES OF ACTION TO BE INTRODUCED FOR THE FIRST TIME AS A MATTER OF LAW. (Doc. # 34) Mentek asks for authorization to amend the complaint "bringing forth additional retaliatory claims, and allowing plaintiff to bring forth all additionally named defendants." He further asserts:

2

> Plaintiff has received multiple municipal citations for expressing his religious beliefs. Said citations cite Mentek for Disorderly Conduct, which include fines and incarcerations, despite the issuance of mere municipal citations. Said citations include both Kenosha and Racine counties, with citations 9/5/07 for Disorderly Conduct, 9/7/07 for Disorderly Conduct, 9/8/07 for a cracked windshield, 10/28/07 for OVAS, as well as the issuance of multiple parking tickets in Racine County amounting to $140.00 in fines, etc. All citations and fines were done in a deliberate, retaliatory, malicious, and vindictive fashion clearly showing deliberate indifference, retaliation, and egregious violations of Plaintiff's religious rights, beliefs and mode of worship, all cognizable under 42 U.S.C. § 1983 and establishes a conspiracy under sec. 1985.

(Pl.'s Mot. to Amend 6) Mentek claims that he has been "automatically placed into 'administrative segregation'" during each of his seven incarcerations. (Mentek Letter, Nov. 28, 2007) By letter dated November 28, 2007, he clarifies that the above-referenced motion is brought under Federal Rule of Civil Procedure 15(d). (Mentek Letter Nov. 28, 2007)

As an initial matter, Mentek's motion to amend fails to comply with the Local Rules of the Eastern District of Wisconsin. Civil Local Rule 15.1 states:

> A motion to amend a pleading must specifically state in the motion what changes are sought by the proposed amendment. Any party submitting a motion to amend must attach to the motion the original or the proposed amended pleading. Any amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

Mentek failed to state clearly the changes he seeks to add to the complaint or attach the proposed amended pleading. During the August 17, 2007, scheduling conference, Mentek asked the court where he could obtain a copy of the rules and the court directed him to the court library and the Clerk of Court's Office. (Scheduling Conference Recording

3

8/17/07) Hence, the failure to attach proposed changes to his complaint is a sufficient basis for denying Mentek's motion.

However, even if this procedural defect were cured, the amendment would not be allowed. Federal Rule of Civil Procedure 15(d) provides in relevant part:

> (d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

Generally, judicial decisions to grant or deny Rule 15(d) motions to supplement pleadings are based on fairness factors that the courts weigh when considering motions to amend pleadings under Rule 15(a). *See Glatt v. Chic. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) A court may consider several factors in granting or denying a motion for leave to file a supplemental pleading including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out of an entirely unrelated set of facts and to a defendant not implicated in the original complaint. *See Rodriguez v. United States,* 286 F.3d 972 (7th Cir. 2002).

Mentek's request to supplement his original complaint includes unspecified claims against Racine County Sheriff's Deputies for arrests for some or all of the following violations: disorderly conduct, a cracked windshield, OVAS, and parking citations. (Pl.'s Mot. To Amend 6) The original complaint names Kenosha County Sheriff's Department staff who

work in detentions (Compl. 3A-3B), but did not include Racine County or any of its employees as defendants. Mentek fails to indicate how the municipal citations for a cracked windshield, disorderly conduct, or parking violations factually relate to his initial claim of religious persecution. Moreover, Mentek recently filed a new case against Racine County, Case No. 08-C-0007.

To the extent that Mentek is claiming that Racine officers acted in bad faith in arresting him, he does not contend that the officers knew that he was actually innocent or that he was innocent of the municipal violations. *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 204 (7th Cir. 1985). Ultimately, to allow Mentek to add Racine County as a defendant would be unfairly prejudicial. The original complaint did not include any defendants from Racine County and there is no indication that Racine County was even aware of this lawsuit. Also, the parties have filed several motions and affidavits and have presented proposed findings of fact. Therefore, Mentek's request to add Racine County officials as defendants is denied.

With respect to Mentek's request to name additional Kenosha County Sheriff's Department patrol officers as defendants, he does not assert that the unnamed arresting officers in Kenosha or Racine Counties were acting in their personal capacities when they arrested him for violations of municipal laws. Allegedly, the arresting officers were following Kenosha County Ordinances when they issued Mentek citations for disorderly conduct, driving with a cracked windshield and parking violations. *See* Kenosha Cty Ord. 9.947.01; 7.347.43; 7.346.50-7.346.54. Therefore, the court presumes these patrol officers were acting in official capacities.

5

The Eleventh Amendment prohibits a suit in federal court when State officials are sued for damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Because neither Racine County nor Kenosha County has consented to this suit, the district court lacks subject matter jurisdiction with regard to any damage claims against patrol officers in their official capacities, the proposed amendment would be futile.

Next, Mentek's motion to supplement fails to indicate how municipal citations for a cracked windshield, disorderly conduct, and parking violations relate factually to his original claim of religious persecution. Mentek has not provided "the factual predicate to support the crux" of his claims. *See Rodgers,* 771 F.3d at 204. On the surface, incarcerations for the aforementioned violations have no logical connection to Mentek's claim of religious persecution and Mentek does not assert that he was innocent of the municipal violations. Without such facts, the arrests for the municipal violations which Mentek cites as bases for an amended complaint are unrelated to his initial claim of religious persecution. Thus, amending the § 1985 claim with contentions regarding these citations would be futile.

Another factor in the court's decision to deny further amendments to the complaint is delay. "[T]he longer the delay, the greater the presumption against granting leave to amend." *Tamari v. Bache & Co.,* 838 F.2d 904, 908 (7th Cir. 1988). Adding new defendants based on facts arising out of unrelated circumstances requires new discovery and prolongs the litigation. *See Otis Clapp & Son v. Filmore Vitamin Co.*, 754 F.2d 738, 741-43 (7th Cir. 1985). Mentek has been incarcerated seven times since August of 2007. Allowing him to amend for every incarceration will cause undue delay. Indeed, the incarceration that

is the foundation for Mentek's complaint was his 35th incarceration at the Kenosha County Jail. (Preston Aff. ¶¶ 12, 14)

The court notes that the original complaint contains a claim that the defendants engaged in a conspiracy in violation of 42 U.S.C. § 1985. (Compl. ¶ 37) In his motion to supplement the complaint, Mentek reasserts a conspiracy claim. (*Id.*; Br. Opp. Mot. Summ. J. 11-12) To the extent he wishes to extend this conspiracy claim to the unnamed patrol officers from Racine and Kenosha Counties that motion is denied inasmuch as this court has denied Mentek's request to add new defendants.

Finally, Mentek asks the court to stay any ruling on the defendants' motion to dismiss and the motion for summary judgment so that he may "have an opportunity to amend the pleadings as necessary and submit additional evidences of" continuous retaliation. (Mot. to Deny 7) His desire to supplement the complaint has no bearing on the motion to dismiss filed on behalf of defendants Tom Perlber, Richard Cole, and Dennis Barry. Moreover, after filing the motion to stay, Mentek filed a motion for judgment on the pleadings indicating he believes there is sufficient evidence in the record to prove his case. Hence, the motion to stay will be denied.

PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF NAMED DEFENDANTS
WHO REFUSED TO RETURN WAIVER OF SERVICE OF SUMMONS (DOC. # 55)

Recently, Mentek filed a motion for the voluntary dismissal of the following defendants: Kenosha Police Department, Detective David May, Officer Bernard Griffey, Dr. Caldwell, Dr. O'Keefe, Dr. Shotick, Kenosha Visiting Nurses, Inc., JoAnne Medley, Agent Kelly Brownson, Supervisor Jackie Grisham, and Administrative Law Judge Margaret Beckwith. Mentek notes that these individuals never returned the Waiver of Service of

7

Summons and they have not entered an appearance in this action. Consequently, the request that these defendants be dismissed without costs is granted.

PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. # 35)

Mentek seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 1(c). (Br. Opp. Mot. Summ. J. 14.) The purpose of Rule 12(c) of the Federal Rules of Civil Procedure is to promote the conservation of time and resources in cases where ultimate issues of fact are not in dispute. *Zimmer v. Manitowoc Shipbuilding, Inc.*, 603 F. Supp. 1159, 1162 (D. Wis. 1985). However, a judgment under the Rule is not to be rendered unless the movant's right thereto is clear. *Id.*

Rule 12(c) provides, "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When reviewing a motion for judgment on the pleadings, the court applies the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The party moving for judgment on the pleadings under Fed. R. Civ. P. 12(c) must clearly establish that "no material issue of fact remains to be resolved and he is entitled to judgment as a matter of law." *Flora v. Home Federal Sav. & Loan Assoc.*, 685 F.2d 209, 211 (7th Cir. 1982); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). The court may only consider matters presented in the pleadings, documents referred to and attached to those pleadings, and briefs in support of the pleadings. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). All facts pled are considered as true and all inferences are construed in favor of the non-moving party. *Id.*; *see also, Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

8

Mentek contends that there are no disputed facts. He states "[c]learly, Plaintiff was denied both procedural and substantive due process of law. . . . [and the] Defendants unquestionable violated both Article I, Sec. 18 and 19 of the Wisconsin Constitution." (Br. Opp. Mot. Summ. J. 14) These assertions ignore the documents on file, particularly defendants' proposed findings of facts submitted in support of their motion for summary judgment. Mentek maintains that he "need not address each and every paragraph of defendants' affidavits, nor the proposed findings of fact and conclusions of law." However, Mentek's failure to do so means the court must conclude that there is no genuine material issue with respect to any proposed finding of fact by the defendants to which no response is set out. *See* Civ. L.R. 56.1(a)(2).

In his complaint, Mentek alleges he was placed into administrative confinement due to his religious beliefs. However, defendants have brought forth evidence that Mentek was placed into administrative confinement due to his unstable mental health. All inmates are given a Medical Screening Questionnaire, and Mentek's questionnaire showed that he was in a mental institution or had psychiatric care at St. Luke's Hospital in November 2004. (PPFOF ¶¶ 38, 43) Moreover, in 1986, Mentek attempted suicide by use of a razor while an inmate in Kenosha County Jail. (*Id.* ¶ 45) Also, defendants assert that Mentek "was angry, argumentative, and uncooperative" and "was talking very rapidly, constantly, loudly and, at times incoherently." (*Id.* ¶¶ 55, 56) Further, given Mentek's condition, placing him in the general population "would have been disruptive to other inmates and created the potential for conflict and altercations, and would have created difficulties for the jail staff charged with maintaining order, security and safety in the housing units." (*Id.* ¶ 58) Corp. Reid gave a

9

sworn statement that Mentek's placement in administrative confinement was not punitive and that he "did not base his determination [to keep Mentek in administrative confinement] on Mentek's religious speech or beliefs, or upon his quoting of the Bible." (Aff. Reid ¶¶ 25, 26)

Defendants submit that inmates booked into Kenosha County Jail are subject to an objective housing classification process. (*Id.* ¶ 47) This objective classification process temporarily placed Mentek into Zone One Protective Holding because his previous suicide attempt warranted extra observation by jail staff. (*Id.* ¶¶ 46, 49, 50) Mentek argues that it "is an absolute LIE" that the Kenosha County Jail has an objective classification process and that he was placed into administrative confinement as punishment for his religious beliefs. (Br. Opp. Mot. Summ. J. 9-10) Because Mentek has not rebutted the proposed findings of fact, the court cannot conclude that, as a matter of law, that Mentek's placement was the result of religious persecution.

The complaint also states that the mental health diagnosis of Mentek by a jail psychologist was based on Mentek's religious beliefs and speech and that Mentek continued to be held in administrative confinement based on these beliefs and speech. However, Dr. Caldwell, the jail psychologist evaluated Mentek on December 26, 2005, and found that Mentek's behavior was consistent with a manic episode with psychotic features. (PPOF ¶ 74) Mentek reported having racing thoughts and indicated a significant decrease in sleep. (*Id.*) Also, Dr. Caldwell found Mentek's behavior to be characterized by grandiose delusions. (*Id.*) Moreover, Mentek threatened Sgt. Johnson. (*Id.* ¶ 75) Based on Dr. Caldwell's assessment of Mentek and threats Mentek made, Mentek remained isolated from the general population

10

for the safety of staff, the safety of the inmate, and the safe, secure and tranquil operation of the jail. (PPOF ¶ 76)

With respect to Mentek's claim that he was denied a Bible by Corp. Reid and Sgt. Johnson, defendants assert they did not deny any request by Mentek for a Bible. (Aff. Preston, ¶ 39; Aff. Van Tine, ¶ 7; Aff. Johnson, ¶ 11; Aff. Reid, ¶ 39) Had any of the defendants received a request for a Bible from Mentek, they would have forwarded it to Sister Ginny Reichard for a response, according to their respective practices. (PPOF ¶ 94)

As for Mentek's charge that he was denied writing materials to appeal his administrative confinement, the defendants aver that they never received a request for writing materials from Mentek nor were they aware he wished to appeal his administrative confinement. (PPOF ¶¶ 97, 99) Inmates may purchase writing materials through the commissary, or, if demonstrably indigent, request an indigent kit which includes such items. (PPOF ¶ 96) Additionally, Mentek's placement in administrative confinement was regularly reviewed and reassessed. (PPOF ¶ 102)

Sergeant Johnson did not require Mentek to take medication as a condition of his release from administrative confinement. (PPOF ¶ 116) Mentek's release from administrative confinement was based on his behavior, including such factors as compliance with facility rules and staff directives and evincing the stability and composure necessary to be placed with other inmates and subject to less frequent observation by staff. (*Id.* ¶ 120) Mentek was released into the general population on January 4, 2006, after Dr. O'Keefe observed that his thought processes were clearer. (PPOF ¶ 125) Consequently, the record

11

does not support any claim that Mentek's release to the general population was conditioned on his forced agreement to take prescribed medication.

Mentek was granted more privileges as his behavior improved even though he still refused to take his prescribed medication. (PPOF ¶¶ 195-99) He was allowed to participate in the Living Free Program following medical clearance. (*Id.* ¶¶ 196-97) Hence, the evidence shows that Mentek was not forced to take his medication. The defendants submit that as soon as Mentek's request to see his medical records was clarified and understood, copies of those medical records were made available to him. (PPOF ¶¶ 163-64) Consequently, Mentek's motion for judgment on the pleadings will be denied.

### DEFENDANT DENNIS J. BARRY, RICHARD COLE, AND TOM PERLBER'S MOTION TO DISMISS (DOC. # 9)

Defendants Tom Perlber, Richard Cole and Dennis Barry filed motions to dismiss on the grounds of Eleventh Amendment immunity, judicial immunity, and prosecutorial immunity. A judge is absolutely immune from liability for judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Stump v. Sparkman*, 435 U.S. 349, 359 (U.S. 1978). To determine whether an act is a judicial act, this court need only consider whether the judge had jurisdiction over the subject matter before the court. *Id.* at 356. When immunity is at issue, the scope of a judge's jurisdiction is construed broadly. *Id.* A judge will not be deprived of immunity because the action was erroneous, was done maliciously, or was in excess of authority; rather, the judge will be subject to liability only when the judge has acted in the "clear absence of all jurisdiction." *Id.* at 356-57.

Here, Judge Dennis Barry had jurisdiction to hear Mentek's case. Judge Barry is a Racine County Circuit Court judge. Wisconsin's circuit courts are courts of general

12

Case 2:07-cv-00239-CNC    Filed 01/31/08    Page 12 of 15    Document 57

jurisdiction and have "original jurisdiction in all matters civil and criminal within this state" except as otherwise provided by law. Wis. Const. Art. VII, § 8; Wis. Stat. § 753.03. The circuit courts have the power to hear and determine, within their respective circuits, all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court; and they have all the powers, according to the usages of courts of law and equity, necessary to the full and complete jurisdiction of the causes and parties and the full and complete administration of justice, and to carry into effect their judgments, orders and other determinations. Wis. Stat. § 753.03. Because Judge Barry presides over a court of general jurisdiction, neither procedural errors nor the absence of a specific statute authorizing the actions Mentek complains of would render Judge Barry liable for damages in this case. *See Stump*, 435 U.S. at 359-360.

Mentek asserts claims against Assistant District Attorneys Perlber and Cole for issuing a criminal complaint against him, refusing to produce evidence in court, refusing to dismiss charges, and recording a conversation with Mentek while he was in custody.

Like judges, prosecutors have absolute immunity from civil suits under § 1983 arising out of acts within their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). This immunity is in the public's interest. *Id.* Subjecting prosecutors to liability "would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system. Moreover, it "would . . . prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice." *Id.* at 427-428. This immunity does deprive a genuinely wronged defendant of civil redress against malicious prosecution. *Id.* at 427;

13

*Gregoire v. Biddle*, 177 F. 2d 579, 581 (2nd Cir. 1949). However, courts have determined that on balance, it is "better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *Gregoire*, 177 F. 2d at 581.

Assistant District Attorneys Perlber and Cole acted within the scope of their roles as prosecutors. Wisconsin Statutes state that the district attorney shall "prosecute all criminal actions before any court within his or her prosecutorial unit" except as otherwise provided by law. Wis. Stat. § 978.05(1). Wisconsin Supreme Court rules provide additional guidance for the proper actions of a prosecutor. *See* Wis. SCR 20:3.8.

Mentek complains of official acts by Assistant District Attorneys Perlber and Cole while they prosecuted a criminal action. Mentek complains that Perlber issued a criminal complaint against him, refused to produce a sword in court, and refused to dismiss charges against Mentek. Mentek further asserts that Cole had a post-hearing conversation with him, which he recorded, made written concessions about the characteristics of the sword, and refused to dismiss criminal charges. These events are incidental to prosecution. The decisions to file charges, not to dismiss charges, to present certain evidence in court, and to conduct conversations with Mentek were all within the scope of prosecuting Mentek. Therefore, Assistant District Attorneys Perlber and Cole are entitled to immunity.

Now, therefore,

IT IS ORDERED that PLAINTIFF'S MOTION TO DENY, OR IN THE ALTERNATIVE, MOTION TO STAY BOTH DEFENDANTS MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT, AS THE COMPLAINT NEEDS TO BE DULY

AMENDED ALLOWING FOR ADDITIONAL CLAIMS AND CAUSES OF ACTION TO BE INTRODUCED THE FIRST TIME, AS A MATTER OF LAW is denied. (Doc. # 34)

IT IS FURTHER ORDERED that plaintiff's MOTION OF JUDGMENT ON THE PLEADINGS is denied. (Doc. # 35)

IT IS FURTHER ORDERED that the MOTION TO DISMISS on behalf of defendants Barry, Perlber, and Cole is granted (Doc. # 9) and that defendants Dennis J. Barry, Richard Cole, and Tom Perlber are dismissed from this action.

IT IS FURTHER ORDERED that plaintiff's MOTION FOR VOLUNTARY DISMISSAL OF NAMED DEFENDANTS WHO REFUSED TO RETURN WAIVER OF SERVICE OF SUMMONS is granted. (Doc. # 55) Defendants Kenosha Police Department, Detective David May, Officer Bernard Griffey, Dr. Caldwell, Dr. O'Keefe, Dr. Shotick, Kenosha Visiting Nurses, Inc., Joanne Medley, Agent Kelly Brownson, Supervisor Jackie Grisham, and Administrative Law Judge Margaret Beckwith are dismissed.[1]

Dated at Milwaukee, Wisconsin, this 31st day of January, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE

---

[1] The Motion for Summary Judgment filed on November 2, 2008, [Doc. # 23] by Kenosha County Sheriff's Department, Captain Preston, Lt Vantine, CO Johnson, Corporal Reid, and Kenosha County Correctional Health Services, will be considered in a separate decision.

15